analysis as a controlled substance *regardless* of quantity. If the state can demonstrate that a substance is in fact a controlled substance, then it must also show that a defendant intentionally, knowingly, and consciously possessed it."

*Id.* at 460–461[4–6].

The import of *McKelvey* is simple. Evidence showing possession of an immeasurable and invisible quantity of drug residue is not insufficient as a matter of law in a case of possession of a controlled substance, provided the state shows the requisite mental state. *McKelvey,* 129 S.W.3d at 459–461. Contrary to Movant's assertions, his plea counsel did not render ineffective assistance of counsel by failing to advise Movant that possession of a drug residue is insufficient as a matter of law to constitute possession of a controlled substance. As stated in *McKelvey,* "that is simply not the law in Missouri." *Id.* at 460.

It is axiomatic that a guilty-plea counsel cannot be considered ineffective when he or she gives correct advice to an accused. If Movant's guilty-plea attorney advised him that possession of methamphetamine residue was insufficient to support a conviction for possession of that drug, then the lawyer's performance would have been deficient. That is not what happened here, however. The motion court's implicit finding, that Movant's plea counsel exercised the customary skill and diligence of a reasonably competent attorney under similar circumstances, is not clearly erroneous. *See Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct.

366, 88 L.Ed.2d 203 (1985); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, because Movant cannot show any errors by plea counsel, it is foreordained that he cannot demonstrate prejudice. *Id.* at 694, 104 S.Ct. at 2068; *Trehan v. State,* 872 S.W.2d 156, 158 (Mo.App.1994). Point denied.[2]

This court is not left with a definite and firm impression that a mistake has been made. The findings and conclusions of the motion court are not clearly erroneous. The judgment of the motion court is affirmed.

PARRISH, J. and RAHMEYER, C.J.–P.J., concur.

**Michelle HEIN, Appellant,**

v.

**GRANDBORO ARMS, L.P., Respondent.**

**No. WD 63114.**

Missouri Court of Appeals, Western District.

June 1, 2004.

Motion for Transfer to Supreme Court Denied July 27, 2004.

Application for Transfer Denied Aug. 24, 2004.

---

2. We also reject Movant's argument (first made on appeal and then only in the argument section beneath his point relied on) that no factual basis was presented during the plea hearing, as required by Rule 24.02(e). Among other things, the prosecutor recited all the facts showing Movant actually possessed a tube containing methamphetamine residue. After that recitation, Movant admitted "that

he was *aware* that the tube had residue in it." (Emphasis supplied.) There was an obvious factual basis adduced per Rule 24.02(e). At oral argument, Movant's post-conviction lawyer conceded a loss if Movant admitted knowingly possessing methamphetamine residue (which he did admit) and his reliance on *Baker,* 912 S.W.2d 541, was misplaced (as it was).

John Michael Cronan, Kansas City, for Appellant.

Nikki Cannezzaro, Jill Ellen Frost, Kansas City, for Respondent.

Before PAUL M. SPINDEN, Presiding Judge, RONALD R. HOLLIGER, Judge, and LISA WHITE HARDWICK, Judge.

### ORDER

Michelle Hein asserts that the circuit court erred in striking a prospective juror for cause in this personal injury action. Affirmed.   Rule 84.16(b).

**Cindy FLOYD, Appellant,**

v.

**DIRECTOR OF REVENUE,
Respondent.**

**No. ED 81868.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 1, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 21, 2004.

Application for Transfer Denied
Aug. 24, 2004.